FRANCIS WEIGAND, Respondent, *v.* JULIUS SCHRICK *et al.*, Appellants.

*Practice—Pleading—Amendment.*—Where different causes of action are severally set out in different counts in the petition, the dismissal as to one count is no amendment of the petition, and does not entitle the defendant to file another answer.

*Appeal from St Louis Circuit Court.*

C. F. Burnes, for appellants.

I. The Circuit Court erred in allowing the plaintiff to strike

out part of his petition without reasonable notice to the defendants. (R. C. 1855, p. 1254, § 11, Art. IX.)

II. The striking out of one count in the petition was an amendment of said petition, and as such defendants ought to have been allowed to file amended answer. (R. C. 1855, p. 1255, Art. IX, § 15 ; Neidenberger v. Campbell, 11 Mo. 359.)

III. The judgment was for thirteen dollars and thirty-seven cents more than was claimed by the amended petition to be due, and the court ought to have set the same aside as excessive.

*A. Hamilton & G. S. Van Wagoner*, for respondent.

BATES, Judge, delivered the opinion of the court.

The petition contained three counts, all upon promissory notes made by the defendants. The first count was upon a note made payable to third persons, and by them assigned to the plaintiff. The two other counts were upon notes made directly to the plaintiff. The defendants answered, putting in issue the assignment to the plaintiff of the note mentioned in the first count, and making no answer as to the two other counts. The plaintiff dismissed his suit as to the first count and took judgment upon the other counts ; and the court, finding from the instruments in writing on which the action was founded that the defendants were indebted to the plaintiff in the sum of two thousand three hundred and sixty-one dollars and forty-eight cents, judgment was rendered for that sum.

Two grounds of error are relied upon for a reversal :

1. That it was error to permit the plaintiff to dismiss as to one count and take judgment upon the others ; and as to this, we are clearly of opinion that where several actions are joined in one suit, the plaintiff may dismiss his suit as to any one of them, and that such dismissal is not an amendment of the petition, nor does it entitle the plaintiff to file another answer. Upon the dismissal of the suit as to the

first count, and the allegations in the other counts remaining wholly unanswered, there was no error in giving judgment upon them.

2. It is contended that the judgment was excessive and exceeded the amounts claimed in the two counts of the petition. Each count asked for a judgment for an amount stated in the one count as the sum mentioned in the note, and the other, as a similar sum, diminished by the amount of a credit which was admitted, together with interest. Upon a calculation, it appears that the sum for which judgment was given exceeds the sum of the amount so asked in the petition, and interest at six per cent. from the maturity of the notes, by about ten or twelve dollars ; but the amount for which judgment was given was ascertained from the notes themselves, which are not preserved in the record, and this small apparent excess may have been properly adjudged against the defendants upon the notes themselves, upon an immaterial variance between the notes themselves, or any one of them, and the descriptions of them contained in the petition. If there was an error in the amount for which the judgment was given, the record does not show it. The court below would certainly have corrected a mere mistake in the calculation of interest if there had been such.

The case presents no meritorious defence whatever, and the judgment is therefore affirmed, with ten per cent. damages.

Judges Bay and Dryden concur.